Good morning. Good morning. I'm going to go. Okay, let's see where everybody is going. Yes sir. And welcome. Yes. I'm going to demonstrate a little timing device to have a little fun for the fourth floor. So this is the door. It's a high tech. He had to get himself in this door as well. This is going to be sitting here.  That indicates that time has passed. Time has passed. It's a good indication that you're done. Start reading. Alright, thank you, please be seated. Alright, good morning and welcome everyone. This is a case on the docket. 2016. 6-9-4. The defendant is a propellant. The individual is a sperm man. LLC. Defendant is an athlete. Arguing on behalf of the defendant. Mr. Thomas J. Utility. He is a local councilman. Arguing on behalf of the defendant. Mr. Utility on behalf of the appellant, you may proceed. Your honors, let me say at the outset that it's truly my honor and privilege coming from Ohio to appear before you here today in Illinois. There are, from our perspective, two issues on appeal. The first issue is the legal sufficiency of plaintiff's amended complaint. That complaint was filed in DuPage County on September the 23rd of 2015 and was dismissed on March the 11th of 2016. Counts 2 and 4 of that amended complaint were dismissed with prejudice. Count 2 was a claim for violation of Illinois' Deceptive Trade Practices Act. Count 4 was for violation of the Federal Magnuson Moss Act. Counts 1, 3, 5, 6, 7, 8, and 9 were dismissed without prejudice. Count 1 was a claim for violation of Illinois' Consumer Fraud and Deceptive Business Practices Act. Count 3 was a claim for common law fraud. Count 5 was a claim for negligent misrepresentation. Count 6 was a claim for breach of contract. I'm sorry, for breach of warranty. Count 7 was a claim for breach of contract. Count 8 was a claim which we styled as a gross negligence but which you refer to in Illinois as willful and wanton conduct. Counsel, is it accurate to say that all nine causes of action were based on defendant's alleged violations of the various FDA regulations and or false warranty? It's a fair statement, Your Honor, to say that all nine counts are rooted in what we regard as a false certification of FDA compliance. The FDA compliance, the certification of FDA compliance was attached to the omitted complaint as Exhibit A. It was signed by Midwest Sperm Bank's Laboratory Director, Rebecca Metesky, and it said, and I quote, This letter certifies that Midwest Sperm Bank LLC is in strict compliance with all FDA regulatory requirements for human cells, tissues, and cellular and tissue-based products, in short, HCTPs, as described in 21 CFR Part 1271, and all relevant subparts. It also included their FDA registration number. So you're quite correct, Your Honor, that the fact essential to Counts 1 through 7 was that the so-called certification of compliance was false and that Midwest Sperm Bank knew it was false when given or was reckless in that regard. Counts 8 and 9 similarly rely in part on this false certification. The fact essential to Counts 8 and 9 was that Midwest Sperm Bank did not comply with FDA regulations in order to prevent the mix-up that occurred here, which is delivery of sperm from the wrong donor. We think it's beyond serious debate that Midwest Sperm Bank, that if Midwest Sperm Bank had observed even one of the FDA regulations, which are set forth in paragraph 10 of the amended complaint. Counsel, there is a hurdle that we have to get over before we can even address the merits of your present argument, and that is whether or not it was an abuse of discretion for the trial court to dismiss your cause of prejudice on the basis that you did not file a response of pleading with the time allotted. Your response, I believe, was that the filing of a cause of action in a federal district court was the equivalent thereof, and the trial court said no, it wasn't, and dismissed the case of prejudice. So if the trial court did not commit error in that exercise of its discretion, then we don't even have to deal with the merits of your claim or any error in adjudicating any of the claims because you didn't comply with the court's order. So what's your response to my perception of the first impediment that you had to overcome? Your Honor, we believe we did comply. The order said that we had leave to amend our complaint within 45 days. There was nothing in that order that said that we were not free to amend the complaint and then file in federal court. So the negative pregnant or the anti-negative pregnant law would apply in this instance, which is if it doesn't prohibit it, then KD bar the door and anything can be granted? We don't regard filing in federal court as KD bar the door. The federal court had jurisdiction. It had subject matter jurisdiction because of diverse citizenship. The federal court had not only jurisdiction, but it also had the wherewithal to adjudicate state law claims. I've been a lawyer since 1969. I've never, and I spent a lot of time in the courthouse because I was an assistant state attorney before I became a judge and was the barrister for a private law firm in the interim. I have never in any of my capacities heard this argument made or raised before. And so it seems that you're arguing a position that not many people, in fact, you're the only attorney I've ever heard this argument made by. You cite your case. You think it's on point? Your Honor, all I can say in response to your comment is that we complied strictly with the court's order to refile within 45 days. The order did not prohibit us from going to federal court. And I think some history is worth going over here. I didn't say that it prohibited you. It didn't prohibit you from going to federal court. But trying to milk a goat is not the same thing, nor does it get the same product as milking a cow. And going to federal court is not the same thing as filing a new plea in the DuPage County Circuit Court. Well, maybe I can inject some perspective into this. Obviously, your argument has some intuitive, logical appeal. But other than the Smith case, which I have to tell you very candidly I think is distinguishable, can you cite our attention to any authority in Illinois that says that the filing of a complaint in federal court is an option to, you know, reamending a complaint state law? Do you have a case that specifically says that? Your Honor, the closest thing I was able to find in Illinois was the Smith case. But Smith doesn't really come out and specifically say that, does it? No, no question it doesn't. It dealt with an air show, I think, in the McLean County area. But the converse is also true, Your Honor. There is no case which prohibits it. And there is no case which the appellees cited in their brief that says that that option doesn't exist. The reason to allow that, every time there's a motion, a complaint is dismissed, counsel is given leave to amend the complaint, the parties run the federal courts, aren't there some policy implications to that? Well, I think... Or you draw the line, if we were to announce a rule, you can always do that. I think the history of this case, the procedural history of this case matters in that regard, Your Honor. We filed this case originally in Cook County. It was transferred to DuPage County. We couldn't get an answer filed within 17 months. We filed an 18-page nine-count complaint in DuPage County, which cited every fact knowable by a plaintiff in Ms. Kramlitz's circumstances. We cited facts which... We didn't have any factual statements relating to any possible negligence of the doctor's office that administered the sperm because there was an intermediary between the defendants and your client, and that was whoever it was that inseminated her. And if the... It would be interesting to know whether or not that an intermediary was told what the number was supposed to have been on the sample or not told what was the number on the sample. I believe the doctor or his office was never made a defendant in this case. I don't claim to be an expert in this area, but it would seem to me that if he was going to administer a sample of sperm, that he might at least check to see that the numbers fit the order. I agree with you in that regard, but we don't have jurisdiction in Illinois against the Northeast Ohio Fertility Clinic. Well, my point is that you said you stated every factual claim, and my point is that there was a period of time in there where, as far as I was concerned, it was in limbo. I'm not giving the Northeast Ohio Fertility Clinic a pass on this. I think they messed up, too. But relative to Midwest Sperm Bank, we've got Ms. Cramlett in August of 2011 placing an order for donor sperm. She orders donor sperm from donor number 380. Midwest Sperm Bank fills that order correctly in August of 2011. She doesn't get pregnant. She orders six vials of sperm in September of 2011. That order is filled incorrectly. They deliver sperm from donor number 330. And those facts are pled in the complaint. They must be presumed as true, as I understand Illinois law and Section 2615 of the Illinois Code of Civil Procedure. Was there ever a DNA test taken to determine if the sperm that was in the sample or the DNA of the contributor matches the child? The answer is no, because we haven't been able to get past the pleading stage of this case. And so the answer is no, but those facts are pled in the complaint. And as I understand, the Illinois Code of Civil Procedure must be presumed true at the pleading stage of the case. Let me ask you a question about the filing of the complaint in federal court. Normally, if you do have leave to file a complaint, you file an amended complaint in the circuit court, as in this case would be in DuPage County. Having gone to federal court, what then happens to the DuPage County case? Or what did you expect to happen to it? Let's put it that way. While the case had been dismissed without prejudice, at least seven of the nine counts had been dismissed without prejudice. And so at least my expectation, and perhaps it was naive on my part coming from Ohio, was that the court was then going to defer jurisdiction to the federal court in one fashion or another. There are rules in the civil code for that to occur, but that did not occur. The appellee filed a motion to dismiss with prejudice, which, as we all know, was granted. But our expectation at that time was that the court, the case being dormant, not having gone beyond the pleadings in 17 months, was then going to be litigated in federal court. Was it ever broached that you or local councils sought to move to voluntarily dismiss the complaint? In retrospect, I think that would have been the right thing to do. But at the time, at least we felt as though we were complying at least strictly with the court's order. And maybe we presumed too much into thinking that the court at that point would defer jurisdiction, the case not having gotten beyond the pleadings. Are you aware that there is a section in 2619 that allows for the dismissal of a cause when it is pending in another jurisdiction or another venue? I am aware, yes. Doesn't that seem to conflict with your idea that there should be or could be or ought to be two clauses of action pending one in state and one in federal court? In retrospect, I think that procedure could have been employed. But to answer Justice Spence's question, he asked me what I thought was going to occur once we filed in federal court. What I expected to occur was that the state court would defer jurisdiction to the federal court, the case not having advanced beyond the pleadings. But, obviously, that did not occur. So are you saying that you are – your argument to the trial court was, I don't mind a dismissal without prejudice, but I do mind a dismissal with prejudice? I certainly object to a dismissal with prejudice because of the risk you had covered. What I thought your argument was, not that it should be dismissed without prejudice, but that there should have been a stay. Well, that segues into the next question I was going to ask. You argue – you said the trial court erred because they did not grant a stay, staying in duplicative circuit court action while the federal action was pending. But did anybody file a motion for a stay before the circuit court? We did not. Once the – once we filed in federal court, what came immediately thereafter was a motion from the appellee to dismiss with prejudice. And so we defended that motion and proceeded on that motion. But how would you respond to an argument they may make? Is it, in essence, on the law you forfeited the argument? The court has no obligation to respond to the issue of stay. If nobody makes a motion, how do you respond to the argument that you waived and forfeited that? My response to the argument is that there's simply no authority for that position under Illinois law. The Smith case says that we've got options. But you pointed out correctly that the Smith case is not directly on point. There's no case on the other side of this case, no countervailing case that says what we did was improper under Illinois law, under the Illinois Code of Civil Procedure. That isn't really – I believe the standard review is not whether what you did was necessarily error, but whether or not the trial court abused its discretion in dismissing the case. Do you see the difference between the two? An error of law in dismissing a legally sufficient complaint – I mean, we regard the amended complaint as being legally sufficient. That's a de novo review, Your Honor. I'm referring to your argument that filing in federal court was the equivalent of filing an amended complaint in a state court. We filed in federal court only after the amended complaint was dismissed. That is a de novo review, as I understand Illinois law. A 2-6-15 sufficiency – Did you ever consider the possibility of filing your federal complaint that you filed in the federal court, you also filed in the state court? The answer is simply no, and here's why. During the colloquy that occurred at the dismissal hearing, Judge Souter began to read and quote directly from the Cochran case, extensively. The what? The Cochran case. The Cochran case was a case where there was a failed sterilization procedure, and the plaintiff sued the doctor because the sterilization procedure failed as a wrongful birth claim. And the plaintiff was seeking child-rearing damages, and the Illinois Supreme Court held that child-rearing expenses are not compensable in Illinois. You cannot sue for a failed sterilization procedure and then try to get the defendant to raise your child. That's completely distinguishable from this case. Mrs. Cramlett was not trying to avoid parentage. She was seeking it. She was not seeking child-rearing expenses in this case. What she was seeking were the damages, which naturally and proximately flow, from the failure of Midwest Sperm Bank to deliver the correct sperm from the correct donor and the damages which flow from that. And so after Judge Souter began to quote extensively from Cochran, we developed a strong impression that Judge Souter did not regard Ms. Cramlett's claim and the facts which support it as being compensable. And so that is what motivated us to go to federal court. We did not believe that there was any complaint that we were going to file that was going to satisfy Judge Souter based upon his reliance and his strong reliance on the Cochran case. Thank you very much, Mr. Antulli. We will have a chance to address the Court again in due course. Thank you. Ms. Stewart, on behalf of your colleagues. Good morning, Justices, Counsel. May it please the Court. My name is Lindsey Stewart, and I represent the defendant at Pelley Midwest Sperm Bank in this case. Midwest Sperm Bank would respectfully ask that this Court affirm the Circuit Court's dismissal of plaintiff's amended complaint with prejudice on July 21, 2016, following the March 11, 2016 dismissal of two counts of her amended complaint with prejudice and the remaining seven counts without prejudice and with leave to replete. Simply put, plaintiff had an opportunity to file an amended complaint in the Circuit Court of DuPage County, and she chose not to do so. Well, how do you answer? The threshold question is, and his argument is, look, we didn't do that, obviously, but the filing of a similar election in the federal court should be sufficient to grant us leave under Illinois law. Obviously, there's no case that specifically says that, but he's accurate. No case specifically says you can't do it that way. So tell us why you would not be receptive to his argument. Sure. You're correct, and plaintiff's correct, that nothing in the Circuit Court's March 11, 2016 order prevented him from filing in federal court. Federal court had concurrent jurisdiction, and a plaintiff is allowed to pursue their claims in any court that has jurisdiction. However, what plaintiff fails to recognize is that when he filed the complaint in federal court, the mere pendency of that federal claim did nothing to change the jurisdiction of the Illinois court. The Smith opinion that is cited makes clear that when a case is dismissed without prejudice and with leave to replete, the case remains pending. The recent Illinois Supreme Court case of Richter v. Prairie Farms Dairy. It's pending because there's not a final order. Because there's not a final order. And when there's not a final order, the court has jurisdiction to enter orders. It has the ability to reconsider all its rulings and vacate all of them. So you said something that I think I want to correct. You said that there was the order didn't prevent the filing in federal court. And I think it's more accurate to say because we don't expect judges to be omniscient or orders to be so universally all-inclusive that there was nothing said about whether or not filing in federal court was a taboo or was appropriate or was allowable. It was silent. The order was silent as to whether or not there was anything that could be done relative to going to some other jurisdiction. Is that a correct portrayal of that order? Or are you more correct than I? And it didn't prevent the filing in federal court. Be careful how you answer that. You're more correct than he is. I would agree that the order entered by the DuPage County Circuit Court did not address whether or not plaintiff could file a original complaint in federal court. However, the order entered in DuPage County instructed the plaintiff to file an amended pleading within 45 days. No case that I could find in the state of Illinois would contemplate that that order meant anything other than the court expected plaintiff to file an amended pleading in that court. Well, the federal pleading wasn't an amended pleading, correct? Correct. It was a new, original action filed in federal court. And when a plaintiff files a new action in federal court, the action pending before the DuPage Circuit Court remains open. It remained pending against this defendant without a valid complaint on file. And I think the issue in this case is what is a defendant supposed to do under that scenario? And I think the Richter opinion is particularly instructive on that issue. In Richter, the Illinois Supreme Court just recently, in May 2016, addressed this issue. And in that case, the Supreme Court held that when a pleading is dismissed without prejudice and with leave to replead, and when the plaintiff fails to file an amended pleading within the time allowed, that action remains open and pending. And the judge retains discretion and retains the inherent authority to, on the one hand, based on a proper motion by plaintiff, to allow the plaintiff to have additional time to amend the complaint. Or, on the other hand, to dismiss the case with prejudice based on a proper motion by defendant. And the Illinois Supreme Court was critical of the defendants in Richter for not filing that motion, for being complicit in allowing the litigation to go on and on without a final order. The Richter case is similar to the Jung v. K&D mining case, which is a U.S. Supreme Court case that was cited by the Circuit Court when entering the final order in this case. And in that case, the U.S. Supreme Court noted that although two years had elapsed after the plaintiff in that case had been granted leave to file an amended complaint, the defendants did not come in and request a final order as they so easily could have done. In this case, the defendant did what the defendants in Richter and Jung did not do. We came in and we requested a final order. The defendant has a right for a finality when a case remains pending against them without a valid complaint on file. The filing of the federal complaint did nothing to conclude, resolve, or otherwise end the litigation pending in the Circuit Court of DuPage County. Well, let's do this. I mean, obviously, the resolution of that issue is pivotal in the resolution of the case, but depending upon how you draw on that issue, what is your assessment of why the counsel insufficient? Sure. Essentially, there were two problems with plaintiff's amended complaint. First, as plaintiff's counsel explained, all nine counts purported to be premised on either a false warranty of compliance with the FDA regulations set forth in 21 CFR Part 1271 or attempted to establish direct liability based on violation of those regulations. As an initial matter, there is simply no nexus between the FDA regulations set forth in Part 1271 with the factual allegations set forth in plaintiff's complaint. The purpose, the express purpose of the federal regulations is to prevent the spread and transmission of communicable disease. All of the regulations set forth under that part are with that express purpose in mind. Plaintiff has consistently represented that her cause of action arises from the delivery of sperm from the wrong donor. She has not alleged that she contracted a communicable disease or that the sperm she received from Midwest Sperm Bank was in any way contaminated. Accordingly, on their face, the FDA regulations don't apply. Because again, they only deal with diseases and other infirmities as opposed to simply a breach of warranty, is that what you're saying? The FDA regulations set forth in Part 1271 do not contemplate a breach of warranty. They set forth labeling requirements, requirements for donor eligibility, testing requirements to ensure that any tissue, and it's a broad regulation, it encompasses organ donation, tissue donation, all of those things, but sperm certainly falls under those regulations. So it deals more with the integrity of the samples, if you will, as opposed to negligence or breach of warranty? Precisely. The regulations themselves deal with ensuring that the specimens that are sent to a recipient are not contaminated or don't have any communicable diseases. The communicable diseases are actually specified and defined under the Act as HIV, Hepatitis A, Hepatitis B, Hepatitis C, Gonorrhea, Chlamydia. It is very clear what the purpose of those regulations are. There are simply no factual allegations in plaintiff's complaint that allow, well, that are related to those FDA regulations specifically. And I think the second issue then is I don't believe we even necessarily get to that analysis because in reviewing a Section 2-6.5 motion to dismiss, the court does not have to accept as true legal and factual conclusions that are unsupported by allegations of fact. And plaintiff has sent forth no facts in her amended complaint that allow, that suggest or establish that the sperm make was not in compliance with those regulations. Was it in the first complaint? In the amended complaint. Right, but what about the first complaint? Because that ties into a doctrine of law that if you amend it without reincorporating, realleging the factual allegations of the first complaint, they're waived. Correct. And the original complaint did not raise the issue of the FDA regulations at all. The original complaint was a claim for wrongful birth and a claim under the Blood and Organ, the Blood Shield Act, which is the Blood and Organ Transaction Liability Act. So it's your position those are deficient as well? It was, those claims failed to plead, well, The circuit court dismissed both of those claims with prejudice, finding that they simply didn't apply to the factual situation, but allowed plaintiff to replete. Plaintiff did replete and did not reassert those claims. So I agree with you that by filing an amended complaint that did not address those counts, those counts have been waived. I think they've been abandoned. Abandoned. Abandoned. To the extent that the plaintiff, that each of the plaintiff's nine counts in the amended complaint rely on the FDA regulations, I think the circuit court was correct in determining that that reliance was misplaced and that the facts alleged were insufficient to support the cause of action, the causes of action that were pled. I think that the court was correct in determining that plaintiff can never make out a claim under the Deceptive Trade Practices Act because the only remedy allowed for under the act is an injunction, which was not pled or requested, and that the plaintiff could never make out a claim under the Magnuson Moss Act. Those counts were appropriately dismissed with prejudice, and the remaining seven were dismissed without prejudice and with leave to replete. Plaintiff had an opportunity to cure the defects of the complaint and elected not to do so in the circuit court. Was the negligence act, or count in the gross negligence, were they among the seven that the plaintiff could have replete? They were. Those were dismissed without prejudice, with leave to replete. In sum, we would ask that this court affirm the circuit court's dismissal of plaintiff's complaint with prejudice. This defendant is entitled to seek a final order when a cause of action remains pending against them without a valid complaint on file. Plaintiff's arguments on appeal that the circuit court should have deferred jurisdiction to the federal court are waived. Plaintiff never sought any other remedy in the circuit court. The only argument that was made before the circuit court was that the plaintiff complied with the court's order by filing in federal court. Plaintiff never sought a non-final order. Plaintiff never moved to voluntarily dismiss their complaint. Plaintiff never sought a stay. And therefore, those arguments should be waived for the purposes of this appeal. And I think that it was within the court's sound discretion to dismiss the cause of action with prejudice, and this court should affirm on that basis. Were you a trial attorney in this case below? I was. Were you the main chair or first chair? I wrote every motion that was before the court. So you're intimately familiar with the history of the case? I am intimately familiar. Did you appear and defend in the federal case? I have. Does it still end? The federal case is currently stayed pursuant to the Colorado River Doctrine, which is similar to Illinois 619A3. I have another question. All right. Thank you very much. Thank you. Until you may address the court and reply. I'd like to address first a question that Justice Spence raised in the Appley's argument about whether the federal complaint was an amended complaint. The federal complaint was not identical to the amended complaint that was filed in Illinois. I believe the federal complaint has six claims for relief. The amended complaint in the circuit court had nine. Well, by saying that leave is granted to file an amended complaint within 45 days, the only place an amended complaint could have been filed would have been the DuPage County Circuit Court, wouldn't it? By virtue of the fact that it was meant to amend it. No, it was an original filing from the court. No question about that, yes. But it wasn't identical to the amended complaint that was dismissed in circuit court. You know, the Appley's argue that we could have moved for involuntary dismissal, and that is true. But really the central issues remain as to whether or not the dismissal of the amended complaint was proper. Was the amended complaint sufficient in law? If the amended complaint that was filed in circuit court was sufficient in law and it was dismissed erroneously, then we believe this court... You really want to ruin on the merits because if we rule against you on the merits, what will that do to your federal case? If this court affirms the dismissal with prejudice, I mean, I think it's very likely in federal court that race judicata is going to bar a federal proceeding. In other words, they won't read the opinion, they'll just read the decree to the court. I think that's probably right. But, I mean, let's put it this way. I would anticipate a motion to dismiss in federal court on the grounds of race judicata. We write this in such a way that we dispose of it by procedure, or by procedure and substance, or just by substance. And if we do it just by procedure, then it won't really control, in my opinion at least, what the federal district court does. But if we rule on the merits, then it's probable that what you said was correct, which is the federal court will look at this as race judicata. I think the appellee would probably beg to differ with you, Your Honor. I think that the appellee would say that if the matter is affirmed that there's a dismissal with prejudice in circuit court, which is affirmed, that they would regard, and I think that argument may prevail in federal court. Naturally, we would oppose it. But it's at least conceivable that race judicata would prevent the advancement of Ms. Kramblitz's cause in federal court. But nevertheless, we believe that the threshold question is whether the amended complaint was sufficient in law. If the amended complaint was sufficient in law, then the dismissal of the amended complaint would lead to refile as error, which we would ask this court to correct. Of course, the secondary question, in our view, is whether the plaintiff complied with the circuit court's order to refile within 45 days. But that, again, I think in order to get to that issue, you have to answer the first question as to whether or not the amended complaint was sufficient in law. If the amended complaint was sufficient in law, then dismissing it was error, and that's a de novo review as far as we understand Illinois law, and we would ask the court to correct that. I would like to respond to Ms. Stewart's comment about the she regards the FDA regulations, the overarching and sole purpose of those regulations, as being the prevention of communicable disease. I mean, that completely ignores the text of those 10 subsections that are cited in paragraph 10 of the amended complaint. I mean, you have to be blind to those provisions in order to say that that's the sole purpose of the FDA regulations. And really, it almost doesn't matter, okay, because the claims that were advanced in the amended complaint were Illinois state law claims. The violation of the Illinois law was their false certification of strict compliance with the FDA regulations. That's the gist of the Illinois state law claims. That was pled.  And relative to counts 8 and 9, the violation of the FDA regulations is evidence of negligence. So we have not sued, we have not advanced a private right of action or attempted to advance a private right of action under the FDA regs. In counts 1 through 7, it's the false certification of strict compliance, which is the basis of those Illinois state law claims, and then the violation of the FDA regs is evidence of negligence, as we understand it. That was in the first complaint that you filed? That was in the amended complaint. Yes, sir. Your Honor, if I may, we believe that the repercussions of affirming the circuit court's dismissal of prejudice is going to be, the effect of that is going to be that whether they make these certifications falsely or correctly is going to be immaterial. They're going to be free to make false certifications to people like Jennifer Cramlett with impunity if this court affirms. It also won't matter whether or not a sperm bank, like Midwest Sperm Bank or any sperm bank in Illinois, delivers sperm from the correct donor. We believe that the amended complaint, which was filed in September of 2015, is sufficient. It should be given a fair hearing. The Midwest Sperm Bank should be required to answer to it. This case ought to proceed through discovery and through adjudication on the merits. I have a question. Adjudicating this case at the pleading stage, we believe, was wholly improper. We urge the court to reverse. At the trial court level on the motion to dismiss with prejudice, it is apparent that your argument was that you had complied with the order by filing a pleading in federal district court. Is that correct? That's correct. Did you ever make an argument that you are standing on the complaint that was presently on file and seeking the trial court's reconsideration of its prior rulings relative to its alleged error insofar as its dismissal with or without prejudice? We did not make that argument in response to the motion for dismissal with prejudice because the court had already dismissed all nine counts, and standing on the complaint was a certainty of a dismissal with prejudice. We would have gotten to the same place. If you had filed the same thing all over again, then you would have preserved including the prior charges or counts in the first complaint. And then if there was a dismissal with prejudice, the record at least would reflect intuitively on its face that you were standing on your claims and whatever the trial court did, for whatever reason, albeit whether or not there was in fact compliance with the opportunity to re-plead or whatever, was compliant with. Do you follow what I'm saying or not? Justice McClaren, I do follow what you're saying, and I sense your discomfort with the fact that we filed in federal court instead of using one of those Illinois Civil Code procedures. And the issue for this court obviously is whether we complied with the order and whether or not we had the option to go to federal court as we did. This is a case, as far as I understand it, first impression in Illinois. Well, it's one of the most convoluted cases procedurally I've ever seen. Thank you, Your Honors. Thank you. I'd like to thank all counsel for the quality of your arguments here this morning. The matter will, of course, be taken under advisement in a written decision issued in due course. We stand adjourned for the day subject to call.